IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHRISTOPHER AVON TUCKER, SR., ) | |
| ) | |
| Petitioner, ) | Case No. CV02-0354-N-EJL |
| ) | |
| vs. ) | **MEMORANDUM DECISION** |
| ) | **AND ORDER** |
| STATE OF IDAHO ATTORNEY ) | |
| GENERAL, et al., ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

Before the Court in this habeas corpus matter is Petitioner's Motion for Leave to Conduct Discovery, in which Petitioner requests permission to depose his trial counsel and four "alibi" witnesses. Respondents object to the request, contending that Petitioner has failed to meet the standard for discovery in habeas cases.

Under Rule 6 of the Rules Governing Section 2254 Cases, discovery is permitted in a habeas proceeding "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Respondents contend that the Antiterrorism and Effective Death Penalty Act (AEDPA), enacted in 1996, has modified the good cause standard. In particular, Respondents rely on 28 U.S.C. § 2254(e)(2), which generally precludes an evidentiary hearing in federal court if the petitioner "fails to develop" the factual basis of a habeas claim in state court. According to Respondents, when discovery or expansion of the record is used to achieve

**ORDER - 1**

the same end as an evidentiary hearing, the petitioner must be subject to the same constraints that would be imposed if he had sought a hearing. *See, e.g. Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1241 (9th Cir. 2005) (holding that a request to expand the record is subject to § 2254(e)(2)).

Although there is force to this argument, § 2254(e)(2) does not apply in any event when the petitioner diligently attempted to develop the facts in state court but was prevented from doing so. *Williams v. Taylor*, 529 U.S. 420, 432 (2000). In *Williams*, the Supreme Court noted that "diligence will require, in the usual case, that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." *Id*. at 437.

In this case, Petitioner sought an evidentiary hearing in state court during his post-conviction proceeding. *State's Lodging C-15*, pp. 70-71. The state district court implicitly denied that request when it granted the State's motion for summary disposition. *State's Lodging C-15*, pp. 78-87. According to *Williams*, then, Petitioner cannot be faulted for any failure to develop the facts, and even if § 2254(e)(2) applies to discovery requests generally, it does not apply here. Freed from the constraints of § 2254(e)(2), the Court returns to the traditional "good cause" standard for discovery.

Petitioner first contends that he should be permitted to depose trial counsel, primarily to rebut Respondents' claim that counsel made fully informed strategic decisions during trial that should not now be second-guessed. *Motion for Leave to Conduct Discovery*, p. 2. The Court is persuaded that Petitioner has provided good cause

**ORDER - 2**

for his request to depose trial counsel.

Petitioner also requests permission to depose the four individuals who he claims were involved in the shooting but who were not called as trial witnesses. Petitioner contends the depositions are necessary to "establish trial counsel's actions with regard to the presentation of alibi evidence and contacts with the witnesses." *Motion for Leave to Conduct Discovery*, p. 2. This information, however, can presumably be retrieved from trial counsel himself. Moreover, three of these individuals informed Petitioner's investigator during state court proceedings that they would refuse to answer questions under oath on Fifth Amendment grounds. *See State's Lodging C-15*, p. 40. The fourth, Jack Smith, indicated that he would not testify unless he was granted immunity. Petitioner has given no indication that these individuals have changed their positions or that discovery would otherwise yield any useful information. Therefore, Petitioner has not shown good cause with respect to this request.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Leave to Conduct Discovery (Docket No. 54) is GRANTED in part and DENIED in part. Petitioner shall be permitted to conduct a deposition of trial counsel Kenneth Brooks. Petitioner's request to depose Joe Teppner-Galland, Robert Finkbeiner, Jack Smith, and Mike Katchka is DENIED.

IT IS FURTHER ORDERED that the current briefing schedule is vacated, but the parties shall adhere strictly to the following new schedule. Discovery shall be completed

**ORDER - 3**

by July 12, 2005.  Petitioner shall file his Response to Respondents' Motion for Summary Judgment on or before July 26, 2005.  Respondents shall file a reply brief by August 5, 2005.  Given the age of this case, extensions of time will not be granted absent a showing of exceptional circumstances.

DATED:  **June 16, 2005**

_/s/ Edward J. Lodge_
~~Honora~~ble Edward J. Lodge
U. S. District Judge

**ORDER - 4**