IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| CHRISTOPHER AVON TUCKER, SR., | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV02-0354-N-EJL |
| | ) | |
| vs. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| STATE OF IDAHO ATTORNEY | ) | |
| GENERAL, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Currently before the Court in this habeas corpus matter is Respondents' Motion for Summary Judgment. (Docket No. 57.) After reviewing the parties' briefing and the record, the Court has determined that it will resolve this matter without oral argument. *See* D. Idaho L. Civ. R. 7.1. For the reasons set forth more fully herein, the Court enters this Order granting Respondents' Motion.

## I.

## BACKGROUND

The Idaho Supreme Court summarized the facts as follows:

> On the night of July 3, 1995, during the time that Mr. Tucker [Petitioner] was involved in an acrimonious divorce, there was a confrontation at his wife's residence with Mr. Tucker's acquaintances. After this confrontation, Mr. Tucker's fourteen-year-old son, C.T., left the wife's house in her car and went to a friend's, and while there, observed a pickup truck drive by several times. After C.T. and the friend left the friend's residence, they saw the same truck which they then followed. The truck stopped in the middle of the road and the driver, who was Mr. Tucker's girlfriend, Diane

**Memorandum Decision and Order - 1**

> Isbell, exited and began yelling at C.T. and his friend. As the friend drove past the truck, C.T. hung out of the window yelling at Ms. Isbell. The passenger of the pickup then exited, reached back in the vehicle removing a gun and then fired many shots at the car occupied by C.T. and the friend. C.T. later identified the shooter as his father, Mr. Tucker. After Mr. Tucker was arrested, a bindle containing methamphetamine was found in his wallet.

(State's Lodging B-13.)

Based upon these events, the State charged Petitioner with two counts of attempted second-degree murder, with a firearm enhancement, and one count of possession of methamphetamine. (State's Lodging A-1, pp. 108-111.) The jury found Petitioner guilty of possession of methamphetamine and two counts of the lesser included offenses of aggravated assault. (State's Lodging A-1, pp. 155-156.) The state district court sentenced Petitioner to a controlling term of twenty years in prison, with the first five years fixed. (State's Lodging A-1, pp. 199-202.)

After the Petitioner unsuccessfully appealed his convictions and sentences through the Idaho appellate courts, he filed a petition for post-conviction relief. (State's Lodging C-15, pp. 7-13.) In that petition, Petitioner alleged that he received ineffective assistance of counsel at trial, primarily because counsel failed to introduce evidence that, according to Petitioner, would have shown that he was not the individual who fired the gunshots at the moving car. (State's Lodging C-15, pp. 8-10.) The petition was dismissed, and that dismissal was affirmed on appeal. (State's Lodging C-15, pp. 78-87.)

**Memorandum Decision and Order - 2**

Petitioner next filed this habeas action, again raising claims of ineffective assistance of counsel based upon counsel's failure to introduce evidence that Petitioner alleges would show that he was not responsible for the shooting. (Docket No. 1.) The Court has since dismissed, as procedurally defaulted, all claims but Claim 1(a) and 1(b). (Docket Nos. 31 & 46.)

Respondents have filed an Answer to the Petition and a Motion for Summary Judgment over the remaining claims. The Court granted Petitioner's request for limited discovery and allowed Petitioner to depose trial counsel. Petitioner has now filed a Response to Respondents' Motion for Summary Judgment, and the matter is ripe for a decision.

## II.

## MOTION TO EXPAND THE RECORD

Respondents have requested that the Court expand the record to include trial counsel's full deposition. Under Rule 7 of the Rules Governing Section 2254 Cases, a district court may expand the record in a habeas proceeding by receiving additional materials that are relevant to the petition. Expanding the record may obviate the need for an evidentiary hearing. *Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977).

The Court agrees with the Respondents that the full deposition testimony is relevant to the resolution of Petitioner's remaining habeas claims, and the record will be expanded to include that testimony.

## III.

**Memorandum Decision and Order - 3**

## STANDARD OF LAW

A.  Habeas Standards

A petition for writ of habeas corpus is subject to the Federal Rules of Civil Procedure to the extent that the rules would not be inconsistent with established habeas practice and procedure. *See* Rule 11 of the Rules Governing Section 2254 Cases. Summary judgment motions brought under Federal Rule of Civil Procedure 56 are generally not inconsistent with habeas practice and procedure. *Allison*, 431 U.S. at 80-81. Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The substantive law governing the disposition of an issue identifies whether a fact is material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The substantive law governing this Petition is contained within the Antiterrorism and Effective Death Penalty Act (AEDPA). The AEDPA established a deferential standard of review that a federal habeas court must apply to a state court's resolution of constitutional claims. Under AEDPA, a federal court may grant habeas relief only if the state court's adjudication on the merits of a claim:

1.  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

**Memorandum Decision and Order - 4**

>   2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court's decision is "contrary to" federal law when the state court applied a rule of law different from the governing law set forth in United States Supreme Court precedent, or when it confronted a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrived at a different result. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application" of clearly established federal law when the court was "unreasonable in applying the governing legal principle to the facts of the case." *Id*. at 413. A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision was incorrect; instead, the decision must be objectively unreasonable. *Bell v. Cone*, 535 U.S. 685, 694 (2002).

>   B. Clearly Established Federal Law

In Petitioner's remaining two claims, he alleges that his trial counsel was constitutionally ineffective. A criminal defendant has a constitutional right to the assistance of counsel under the Sixth Amendment, made applicable to the states by the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335 (1963).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set out the proper test to be applied to claims alleging constitutionally inadequate representation. To succeed on such a claim, a petitioner must show (1) that counsel's

**Memorandum Decision and Order - 5**

performance fell below an objective standard of reasonableness and (2) that the petitioner was prejudiced. *Id*. at 684. In assessing whether trial counsel's representation fell below an objective standard of reasonableness, a court must view counsel's conduct at the time that the challenged act or omission occurred, and every effort must be made to eliminate the distorting lens of hindsight. *Id*. at 689. To show prejudice, the petitioner must establish that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 684, 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. at 694.

## IV.

## DISCUSSION

Respondents contend that there are no genuine issues of material fact with respect to the remaining claims and that they are entitled to judgment as a matter of law. For the reasons that follow, the Court agrees.

In Claim 1(a), Petitioner alleges that counsel was ineffective in failing to offer a redacted version of a videotape of the crime scene, after having been invited to do so by the trial court, which Petitioner asserts would have impeached his son's identification of him as the shooter. Because Petitioner cannot show prejudice with respect to this claim, there is no need to determine whether counsel's performance was unreasonable. *See Strickland*, 466 U.S. at 697 (noting that a court may dispose of an ineffective assistance claim by first addressing lack of prejudice). Specifically, Petitioner has never come forward with a copy of the original or redacted videotape to support his claim, either during state post-conviction

**Memorandum Decision and Order - 6**

proceedings or here. He has offered no basis, therefore, that would allow any reviewing court to determine that had counsel submitted a redacted tape that fell within the trial court's parameters, and the tape would have been admissible, there is a reasonable probability of a different outcome. The Idaho Court of Appeals' rejection of this claim was reasonable, and the claim will be denied.

In Claim 1(b), Petitioner alleges that trial counsel was ineffective in failing to subpoena or to seek immunity for the four individuals who Petitioner asserts were present at the scene of the shooting, namely Robert Finkbeiner, Joe Teppner-Galland, Mike Katchka, and Jack Smith. Petitioner contends that counsel failed to conduct a reasonable investigation with respect to these potential witnesses, which resulted in actual prejudice because the witnesses would have established that Petitioner was not present at the scene. The record does not support these contentions.

As an initial matter, it appears that trial counsel made a strategic decision that he would not attempt to prove precisely who the "real" gunmen were. Trial counsel testified at his deposition in this proceeding that although the theory of defense was, in part, that Petitioner was not present at the scene of the shooting, counsel did not intend to show that "Joe Blow or whoever" was the shooter. (Brooks Deposition, p. 50.) In other words, counsel wanted to raise a reasonable doubt regarding Petitioner's involvement in the crime without shouldering a burden to prove the identities of the culprits. This decision makes sense given that the only information available at the time indicated that three of the four individuals would have refused to testify on Fifth Amendment grounds and the fourth, Jack Smith,

**Memorandum Decision and Order - 7**

wanted, at the very least, full immunity for his testimony, which the State noted was "highly unlikely." (State's Lodging C-15, p. 73.) Viewed in this light, his strategic decision at that time was reasonable, and Petitioner cannot satisfy *Strickland*'s initial requirement of showing that counsel's performance fell below an objective standard of reasonableness. *See Strickland,* 466 U.S. at 689-91 (noting that tactical decisions are "virtually unchallengeable").

Even if Petitioner were able to demonstrate that counsel did not conduct a reasonable investigation, or that counsel failed to make a strategic decision based upon such an investigation, he would still be unable to carry his burden to prove prejudice. In particular, because Petitioner has never shown that any of these individuals would have testified at trial, or, if so, what the content of their testimony would have been, he cannot establish that but for counsel's alleged error in failing to subpoena them (or in the case of Jack Smith and Mike Katchka, failing to seek immunity), there is a reasonable probability of a different outcome. His allegation of prejudice is speculative. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (conclusory allegations do not warrant relief).

It is for this reason that this case is dissimilar to *Rompilla v. Beard*, 125 S.Ct. 2456 (2005), upon which Petitioner relies. In *Rompilla*, the Supreme Court determined that a capital defendant's trial attorneys had been deficient in not pursuing an obvious line of investigation that would have revealed a wealth of detailed mitigating evidence. *Id.* at 2467. Moving to the prejudice inquiry, the Court concluded that had the jury heard this evidence, there was a reasonable probability that the defendant would not have received a death

**Memorandum Decision and Order - 8**

sentence. *Id.* at 2468. In contrast to *Rompilla*, Petitioner has never shown that trial counsel's purported investigatory failure prevented the jury from hearing any specific evidence from any potential witnesses; in fact, the record indicates that the witnesses would have likely refused to testify on Fifth Amendment grounds and that no immunity was forthcoming from the State.

In apparent effort to address this shortcoming, Petitioner asserts that if counsel had subpoenaed and called the individuals to testify, and if they were found to be unavailable, then trial counsel could have introduced their allegedly incriminating out of court statements, which, according to Petitioner, would have significantly bolstered the defense. (Docket No. 30, p. 5; Docket No. 34, p. 9.) The Court is not persuaded by this argument.

The Idaho Court of Appeals has already determined that Jack Smith's hearsay comments to defense investigator Ted Pulver would not have been admissible as statements against his interest under Idaho Rule of Evidence (I.R.E.) 804(b)(3). (State's Lodging D-27, p. 6, n. 3.) This is a question of state law that will not be disturbed here. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Petitioner has further asserted that the supposed gunmen, Finkbeiner and Teppner-Galland, made statements to two other individuals in which the gunmen confessed their involvement in the shooting and claimed that Petitioner was not present. Though the Idaho Court of Appeals did not address these hearsay statements, they appear to suffer from some of the same deficiencies as Smith's statements. But even if they would have been admissible in some form, it is unlikely that the jury would have placed much weight on second-hand claims that Petitioner was not involved in the shooting, in light

**Memorandum Decision and Order - 9**

of his own son's in-court testimony that clearly identified him as the shooter. In short, there is no reasonable probability of a different outcome.

The Court concludes that Petitioner cannot show that the state court's resolution of Claims 1(a) and 1(b) was contrary to or an unreasonable application of *Strickland*, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). There are no genuine issues of material fact remaining with respect to these claims, and Respondents are entitled to judgment as a matter of law.

## V.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondents' Motion to Expand the Record (Docket No. 67) is GRANTED.

IT IS FURTHER ORDERED that Respondents' Motion for Summary Judgment (Docket No. 57) is GRANTED.

IT IS FURTHER ORDERED that Claims 1(a) and 1(b) in the Petition for Writ of Habeas Corpus are DENIED and this case is DISMISSED.

DATED: **September 19, 2005**

~~Honor~~able Edward J. Lodge
U. S. District Judge

**Memorandum Decision and Order - 11**